United States District Court
Southern District of Texas
**ENTERED**
November 08, 2016
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| AXA CORPORATE SOLUTIONS | § | |
| NIEDERLASSUNG DEUTSCHLAND, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 4:15-CV-3606 |
| | § | |
| LECTRUS CORPORATION, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM AND ORDER

Pending before the Court is Third-Party Defendant Transaction Packing, Inc.'s ("TPI") Amended Motion to Dismiss Pursuant to Rule 12(b)(6) (Doc. No. 30). After considering the Motion, the responses thereto, and all applicable law, the Court determines that the Motion should be granted with leave to file an amended third-party complaint.

### I. BACKGROUND

This case concerns the packing and shipment of four electrical houses manufactured by Defendant/Third-Party Plaintiff Lectrus Corporation ("Lectrus") pursuant to a contract with Siemens Industry, Inc. (Doc. No. 17 ¶ 6.) Lectrus subcontracted the packing of the four electrical houses to TPI. *Id*. After the packages were shipped, corrosion was observed. *Id*. Plaintiff AXA Corp. Solutions Niederlassung Deutschland, as subrogee, paid Siemens Industry, Inc. nearly $8 million for the alleged corrosion damage. *Id*. On December 11, 2015, Plaintiff filed suit against Lectrus to recover its losses. Lectrus filed a Third-Party Complaint against TPI on April 26, 2016 and an Amended Third-Party Complaint on July 1, 2016. Lectrus alleges negligence and breach of contract. *Id*. ¶ 11. TPI has moved to dismiss Lectrus's Third-Party Complaint. (Doc. No. 30.)

1

## II.   LEGAL STANDARD

A court may dismiss a complaint for a "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "To survive a Rule 12(b)(6) motion to dismiss, a complaint 'does not need detailed factual allegations' but must provide the plaintiff's grounds for entitlement to relief—including factual allegations that when assumed to be true 'raise a right to relief above the speculative level.'" *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). That is, a complaint must contain sufficient factual matter that, if it were accepted as true, it would "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). A claim has facial plausibility "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citing *Twombly*, 550 U.S at 556). The plausibility standard "is not akin to a 'probability requirement,' " though it does require more than a "sheer possibility" that a defendant has acted unlawfully. *Id*.

Ultimately, the question for the court to decide is whether the complaint states a valid claim when viewed in the light most favorable to the plaintiff. The court must accept well-pleaded facts as true, but legal conclusions are not entitled to the same assumption of truth. *Iqbal*, 556 U.S. at 678 (citation omitted). The court should not "strain to find inferences favorable to the plaintiffs" or "accept 'conclusory allegations, unwarranted deductions, or legal conclusions.'" *R2 Investments LDC v. Phillips*, 401 F.3d 638, 642 (5th Cir. 2005) (quoting *Southland Sec. Corp. v. Inspire Ins. Solutions, Inc.*, 365 F.3d 353, 361 (5th Cir. 2004)). The court should not evaluate the merits of the allegations, but must satisfy itself only that plaintiff has adequately pled a legally cognizable claim. *United States ex rel. Riley v. St. Luke's Episcopal*

*Hosp.*, 355 F.3d 370, 376 (5th Cir. 2004).

## III.     TIMELINESS OF RULE 12(b)(6) MOTION

As a threshold matter, the Court must determine whether TPI waived its Rule 12(b)(6) argument by filing an Answer to the First Amended Third-Party Complaint prior to the filing of the instant motion.

The Federal Rules of Civil Procedure require a Rule 12(b)(6) motion to be made before a responsive pleading. Fed. R. Civ. P. 12(b). Therefore, a post-answer Rule 12(b)(6) motion is technically untimely. *See Puckett v. United States*, 82 F. Supp. 2d 660, 663 (S.D. Tex. 1999). Courts do not, however, routinely deny post-answer Rule 12(b)(6) motions. *See id*. As long as the movant included in the answer the defense raised in the motion (thereby giving notice), courts generally consider the Rule 12(b)(6) motion as though filed under Rule 12(c). *See id.*; *see also* 5A Charles Alan Wright & Arthur Miller, Federal Practice and Procedure § 1357 at 301 n.3. Rule 12(c) allows a party to move for judgment on the pleadings after the pleadings are closed.

TPI filed its Answer to Lectrus's Amended Third-Party Complaint on September 20, 2016. (Doc. No. 29.) As such, TPI's Rule 12(b)(6) motion, filed on September 29, was untimely. However, TPI's Answer included an assertion that Lectrus failed to state a claim upon which relief can be granted. *Id.* ¶ 12. Therefore, the Court will consider TPI's motion pursuant to Rule 12(c).

## IV.     NEGLIGENCE CLAIM

TPI argues that Lectrus's negligence claim must be dismissed because the entire claim is based on the contractual relationship between Lectrus and TPI and "cannot be founded in tort." (Doc. No. 30 at 3-4.) Lectrus does not respond to this argument in its brief. (Doc. No. 31.)

A contractual relationship may create duties under both contract and tort law. *Jim Walter*

*Homes, Inc. v. Reed*, 711 S.W.2d 617, 618 (Tex. 1986) (citing *Montgomery Ward & Co. v. Scharrenbeck,* 146 Tex. 153, 204 S.W.2d 508 (1947)). Therefore, "[t]he acts of a party may breach duties in tort or contract alone or simultaneously in both." *Id*. Texas courts look to the nature of the injury to determine which duty or duties are breached. *Id*. When a party seeks to recover the benefit of the bargain with the other party, the action typically sounds in contract. *See Southwestern Bell Tel. Co. v. DeLanney*, 809 S.W.2d 493, 495 (Tex. 1991).

Here, Lectrus's Third-Party Complaint does not allege any injury that sounds in tort. As discussed below, Lectrus's alleged injury is based on the indemnity clause in its standard purchase order. The alleged injury is contingent on a finding of liability in the dispute between Lectrus and AXA: "based upon Lectrus's purchase orders and payments to TPI for Packing Services, and in the unlikely event that a trial may find fault with Lectrus's Packing Services for Siemens, which is wholly denied, Lectrus asserts that TPI would be responsible for that wholly-denied fault and would be liable to Lectrus for TPI's breach and negligent performance of Lectrus's purchase orders for Packing Services." (Doc. No. 17 ¶ 11.) Therefore, Lectrus's alleged injury sounds in contract, not in tort, and Lectrus's negligence claim must be dismissed.

## V. BREACH OF CONTRACT CLAIM

TPI also argues that Lectrus has failed to state a claim of breach of contract. As noted above, Lectrus's alleged injury is contingent on a finding of liability in its dispute with AXA. *Id*. The alleged injury is "based upon Lectrus's purchase orders and payments to TPI for Packing Services." *Id*. In the Third-Party Complaint, Lectrus specifically cites the purchase orders that form the basis of its contract with TPI, including the purchase order numbers. *Id*.

According to TPI, this claim cannot be styled as a breach of contract claim because it is actually a common law contribution claim. (Doc. No. 30 at 4-6.) In making this argument, TPI

4

relies heavily on *Interstate Contracting Corp. v. City of Dallas*, No. 3:98-cv-2913-M, 2000 WL 1281198 (N.D. Tex. Sept. 8, 2000). In that case, the court focused on the third-party plaintiff's prayer that "in the event of an adverse judgment against the [third-party plaintiff]…, this Court render judgment against [the third-party defendant] for all damages caused by its one or more breaches of contract…including all sums the [third-party plaintiff] may be required to pay" *Interstate Contracting Corp.*, 2000 WL 1281198, at *4. According to the court, the contingent nature of the relief requested meant that the claim was "nothing more than a claim for contribution and/or indemnity." *Id*. The court went on to find that, because there was no indemnity agreement between the parties, the claim could only be for common law contribution. *Id*. The key difference in this case is that the parties *did* have an indemnity agreement. *See* Doc. No. 31 at 2-4. Therefore, there is no need to reach TPI's arguments on common law contribution, since the claim can be analyzed as a contractual indemnity claim.

There are five elements of a contractual indemnity claim under Texas law: (1) a contractual indemnity agreement exists; (2) the indemnity agreement obligates one party to indemnify the other for particular claims; (3) those claims were made; (4) all conditions precedent for recovery have occurred or been waived or excused; and (5) the party seeking relief has been damaged. *See Transamerica Ins. Co. v. Avenell*, 66 F.3d 715, 719 (5th Cir. 1995) (citing *Ford v. Aetna Ins. Co.*, 394 S.W.2d 693 (Civ. App.—Corpus Christi 1965, writ ref'd n.r.e.)). Of these five elements, Lectrus alleges only two: that claims subject to the indemnity agreement were made and that Lectrus will be damaged if it is found liable to AXA. (Doc. No. 17 ¶ 11.) With regard to the first two elements, although Lectrus provides the contractual indemnity agreement in its response brief, it fails to do so (or even use the word "indemnity" or "indemnify") in its Third-Party Complaint. Nor does Lectrus allege that all conditions precedent

for recovery have occurred or been waived or excused. Because Lectrus failed to allege key elements of its contractual indemnity claim,[1] this claim must be dismissed.

## VI.   CONCLUSION

For the reasons set forth above, TPI's Amended Motion to Dismiss Pursuant to Rule 12(b)(6) (Doc. No. 30) is **GRANTED**. Lectrus is granted leave to amend its Third-Party Complaint by Monday, November 21, 2016.

**IT IS SO ORDERED.**

**SIGNED** at Houston, Texas, on this the 8th day of November, 2016.

HON. KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE

---

[1] It is worth noting that Lectrus also fails to allege the elements of breach of contract. Under Texas law, the elements of breach of contract are: "(1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of the contract by the defendant; and (4) damages sustained by the plaintiff as a result of the breach." *Crowder v. Scheirmann*, 186 S.W.3d 116, 118-19 (Tex.App.—Houston [1st Dist.] 2005). Although Lectrus mentions the contract, TPI's breach, and its damages, Lectrus does not allege that it performed its duties under the contract.